## HUTCHINSON v. SUTTON MANUF'G CO.

### (Circuit Court, D. Indiana. October 21, 1893.)

### No. 8,691.

1. CORPORATIONS—POWERS—ACCOMMODATION PAPER.
   A business corporation has no power to accept accommodation paper, and the officers who cause it to make such acceptance are personally responsible to it for payments made or liabilities incurred in consequence thereof.

2. SAME—ASSIGNMENTS—PREFERENTIAL MORTGAGES.
   Where the controlling directors of two corporations are the same persons, a preferential mortgage given by one to the other as security for payments and liabilities resulting from an acceptance of drafts by the latter for accommodation of the former is invalid, because it operates to protect the officers of the accepting company against personal liability for their maladministration in accepting paper for accommodation.

In Equity. Suit by William B. Hutchinson, assignee of the Hopper Lumber & Manufacturing Company, against the Sutton Manufacturing Company, to set aside a mortgage. On exceptions to the master's report. Exceptions overruled, and decree for complainant.

Duncan & Smith, for complainant.
J. E. McCullough and Weir & Higgins, for defendant.

BAKER, District Judge. The bill of complaint seeks the setting aside of a preferential mortgage executed by the Hopper Lumber & Manufacturing Company to the Sutton Manufacturing Company to secure the latter from loss by reason of payments made and of liabilities incurred on account of accommodation paper drawn by the former and accepted by the latter. The business affairs of each company were managed by a board of three directors. The directors of the Sutton Company were James S. Hopper, Henry S. Hopper, and Benjamin F. Sutton; and the directors of the Hopper Company were James S. Hopper, Henry S. Hopper, and Fannie A. Hopper; and James S. Hopper was the president of both companies, and Henry S. Hopper was secretary, treasurer, and general manager of the Sutton Company, and also secretary of the Hopper Company, of which James S. Hopper was manager. The bill challenges the validity of the mortgage on the ground that it is an attempt by the officers and directors of the Hopper Company to prefer themselves, and to protect their interests as stockholders of the Sutton Company, and to save themselves from loss and harm by reason of maladministration of their trust as officers and directors of the Sutton Company in having accepted drafts of the Hopper Company for its accommodation. The answer admits that the indebtedness secured by the mortgage was given to secure payments made and liabilities incurred by the Sutton Company on account of accommodation bills accepted by it drawn by the Hopper Company. The majority of the directors of each company were the same persons, and they had no authority to draw or accept the accommodation bills in question. It is firmly settled that the directors of a manufacturing corporation have no authority to divert the corporate property by issuing accommodation paper, or otherwise loaning its money or credit without consideration. The directors participating in such acts (and James S. and Henry S. Hopper certainly did) became personally liable for breach of duty to the Sutton Company to the extent of the payments made or liabilities incurred by that company on account of such accommodation paper. Whether the pecuniary interest of James S. and Henry S. Hopper as stockholders of the Sutton Company would avoid the preferential mortgage in question, it is not necessary now to determine. The mortgage inures directly to the pecuniary benefit of James S. and Henry S. Hopper, because, if valid, it would relieve them wholly or pro tanto from their liability to the Sutton Company on account of the accommodation paper. Judge Woods, when making the order continuing a temporary injunction in this suit, well said: "This case not only comes clearly within, but strongly illustrates, the soundness of the rule declared in Lippincott v. Carriage Co., 25 Fed. Rep. 577, and Howe v. Tool Co., 44 Fed. Rep. 231." On the authority of these cases the exceptions to the master's report must be overruled, and it is so ordered, and a decree will be entered setting aside the mortgage.